**William A. WHITTED, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 4690.**

District of Columbia Court of Appeals.

Argued Dec. 10, 1968.

Decided April 3, 1969.

Richard J. Hopkins, Washington, for appellant.

Leo N. Gorman, Asst. Corp. Counsel, with whom Charles T. Duncan, Corp. Counsel, Hubert B. Pair, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, and MYERS and KERN, Associate Judges.

HOOD, Chief Judge.

Appellant was found guilty of violating Sections 2402, 2405 ad 2407 of the District of Columbia Housing Regulations. These particular sections in general require a landlord, where the utilities are not under control of the tenant, to supply the tenant with hot water, electricity and heat. The building in which the violations occurred was an apartment house in which at least sixteen families were living. On February 6, 1968, a housing inspector found that no heat, hot water or electricity was being supplied to the tenants. Later that day appellant was served with orders to supply heat, hot water and electricity within twenty-four hours. The orders were not complied with and this prosecution was commenced. At trial a tenant testified there had been no heat, hot water or electricity since mid-January; and a housing inspector testified that as of March 7 there had been no compliance with the orders of February 6.

Appellant offered no testimony in his defense but moved for judgment of acquittal on the ground that the government had not proven that he was the owner of the premises. His motion was denied and he was found guilty.

In his court appellant again contends that the evidence was not sufficient to establish that he was the "owner" of the premises within the meaning of that term as used in the Housing Regulations. The Regulations (Sec. 1102) defines an owner as any person[1] who, alone or jointly or severally with others:

(1) Shall have legal title * * *; or

(2) Shall have charge, care, or control of any building arranged, designed or used, in whole or in part, to house one or more habitations, as owner or agent of the owner, or as a fiduciary of the estate of the owner or any officer appointed by the court. Any such person thus representing the actual owner shall be bound to comply with the terms of this chapter and any notice or rules and regulations issued pursuant thereto, to the same extent as if he were the owner.

Although there was no evidence that appellant was the legal owner in the sense that the record title was in his name, there was evidence that at the time the violations occurred appellant was actively engaged in the management and control of the building either as owner or agent for the owner. The resident manager of the building testified that appellant told her he was the owner and that any rent collected by her should be paid to him. A letter from appellant to the resident manager clearly indicated that appellant assumed to have control of the building. A letter by appellant to the tenants instructed them

---

1. "Person" is broadly defined to include any individual, partnership, corporation, etc.

that all rents and requests for repairs should be mailed or brought to his office. There was testimony by a real estate broker that appellant told him that title to the building was in a "straw" but that he (appellant) was the real owner. The foregoing, particularly in the absence of any contradictory evidence, was sufficient to support a finding that appellant was the owner within the meaning of the Regulations.

Other points argued here, but not raised at trial, have been considered and found without merit.

Affirmed.